E-FILED
Thursday, 01 October, 2026 04:26:54 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| CRESHONDRA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-1379 |
| | ) | |
| PEORIA PUBLIC SCHOOL DIST. 150, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

This matter is now before the Court on *pro se* Plaintiff Creshonda Davis's ("Plaintiff") Motion for Leave to Proceed *in forma pauperis*, (D. 7), and Motion to Request Counsel, (D. 8). For the reasons stated herein, Plaintiff's Motion for Leave to Proceed *in forma pauperis* and Motion to Request Counsel are DENIED and Plaintiff's Complaint is DISMISSED without prejudice for failure to state to a claim.

## I. LEGAL STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). As a result, it allows an indigent party to commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress." § 1915(a). The motion requires the Court to make two determinations. First, the Court must decide whether Plaintiff is truly unable to pay the filing fee associated with this case. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1988). Second, the Court must dismiss any case where it is determined that the lawsuit is: (1) frivolous or

malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks relief against a defendant that is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

When evaluating whether a *pro se* plaintiff has stated a claim under § 1915(e)(2)(B), courts use the same standards that apply to Federal Rule of Civil Procedure 12(b)(6) motions. *Luevano v. Wal-Mart Stores, Inc*., 722 F.3d 1014, 1027 (7th Cir. 2013). Therefore, the court will take "all well-pleaded allegations of the complaint as true and view [ ] them in the light most favorable to the plaintiff." *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). A plaintiff need only give "'fair notice of what the . . . claim is and the grounds upon which it rests,'" *EEOC v. Concentra Health Serv., Inc*., 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and a *pro se* complaint is to be construed liberally and held to "less stringent standards," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. DISCUSSION

First, the Court is unable to determine Plaintiff's complete financial status from the information provided in the short form application to proceed *in forma pauperis* submitted. The current form states that Plaintiff has had no income over the last 12 months but indicates that she is receiving $1,294 from TANF on October 1, 2026, (also generally notes TANF $1290), and that she has received $5,111.98 in child support over the last 12 months, but "amount varies." (D. 7, p. 1). She also states that she had no money in cash, savings, or checking accounts, but pays $1,461.74 a month on housing, transportation, utilities, and other regular monthly expenses. *Id.* at p. 2. Plaintiff also states that she collectively pays $800 a month to support her five children. The Court is unsure how she is covering her regular monthly expenses of $1,461.79, plus the $800.00 she pays a month in child support the TANF payment disclosed. Plaintiff also indicates that she owes

money to the Social Security Administration for a disputed overpayment of $2,900.00 and the IDES for a disputed unemployment overpayment of $33,000.00, but payments from these agencies over the last twelve months were not disclosed. *Id.* Therefore, the [7] IFP Motion is DENIED as to Plaintiff's ability to pay at this time.

Second, the Complaint must also be dismissed for failure to state a cause of action. Plaintiff has filed this action against her former employer, Defendant Peoria Public School District 150. The Complaint of Employment Discrimination form filed by Plaintiff alleges Defendant discriminated against her on or beginning around December 18, 2025. (D. 1, p. 2). She then went on to check the boxes that she was discriminated against because of her age under The Age Discrimination in Employment Act, 29 U.S.C. § 621, her race under 42 U.S.C. § 2000e and 42 U.S.C. § 1981, and use of leave under the Family and Medical Leave Act, 29 U.S.C. § 2611. *Id.*

The Complaint then instructs Plaintiff to "briefly and as clearly as possible [state] the essential facts of your claim," including how the Defendant was involved, along with the date and places, and to "[c]oncentrate on describing as clearly and simply as possible what employment action or situation you allege to have been illegal and how it violated your rights." *Id.* at p. 4. In the paragraph provided, Plaintiff stated: "Please see the attached comprehensive statement of facts, timeline, and chronological Exhibit A through G, which are stapled directly to this Complaint and fully incorporated here by reference." *Id.* This is insufficient to meet the basic pleading requirements under Rule 8(a), which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Additionally, no "comprehensive statement providing the information requested" was attached. Instead, Plaintiff attached several exhibits with no further explanation as to how they establish her claims under the ADEA, Title VII, § 1983, or the FMLA. The exhibits included an

EEOC Right to Sue Letter, a bare-bones harassment report stating she was harassed based on her age, race, and gender with no additional details, slides from Defendant's Safety Briefing 8 (2025-2026), some work emails and text messages, and doctor's notes stating she needed to be off work due to stress. Not only is it not clear how these exhibits, as presently presented, show how her rights were violated, the Court cannot tell the relevance of some of the exhibits. For example, several of the emails show that Plaintiff had not been submitting requests for time off of work and was not showing up, and others indicate issues with her performing her job responsibilities.

In addition to the complaint failing to allege sufficient facts to state a claim for relief, Plaintiff also did not attach the charges she filed with the EEOC and IDHR, despite the Complaint's instruction to do so. While Plaintiff did attach an EEOC Notice of Right to Sue Letter issued on June 9, 2026, it does not state what charge(s) were filed. Before bringing claims for age and race discrimination under the ADEA and Title VII, respectively, they must first be filed with the EEOC. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter."); *see also Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 400 (7th Cir. 2019) ("An ADEA claimant must first file a charge of discrimination with the EEOC and then wait sixty days before bringing an action in federal court."). Failure to file a timely charge precludes a subsequent lawsuit under those statutes.

Furthermore, knowing the allegations in the charge is important, because a claimant "'may bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Chaidez*, 937 F.3d at 1004 (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)). The EEOC charge and complaint "must, at minimum, describe the *same conduct* and implicate the *same*

*individuals*." *Id.* (quoting *Cheek*, 31 F.3d at 501). A "brief and very general" EEOC charge cannot sustain subsequent claims for "*any* related conduct that took place in connection" with a plaintiff's employment. Accordingly, the EEOC charge should be attached to the Complaint, as instructed, and the claims alleged in the complaint under Title VII and the ADEA must be related to the allegations in the charge.

Section 1915(e)(2)(B) instructs that a complaint must be dismissed when it fails to state a claim and is frivolous. An action is frivolous if it "lacks an arguable basis either in law or in fact." See *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *Hofelich*, 2006 WL 3841812, at *2. The Complaint, as currently articulated, does not state a federal claim and no reason able person could suppose it has merit.

Finally, civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). But a civil litigant who is "unable to afford counsel" may ask the district court to request counsel for them. 28 U.S.C. 1915(e)(1). Indigency is a mandatory prerequisite for a civil litigant to request counsel. *See, e.g., Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021); *see also Pruitt*, 503 F.3d at 654 (specifying that 28 U.S.C. 1915(e)(1) applies to "indigent" civil plaintiffs). At this stage, Plaintiff has not demonstrated that she is indigent and unable to afford counsel. Therefore, she is ineligible for appointment of counsel. Additionally, even if Plaintiff was found indigent, because the Court found that Plaintiff's has not alleged a claim that has merit, the appointment of counsel is not appropriate. *Watts v. Kidman*, 42 F.4th 755, 761 (7th Cir. 2022) (district court may also consider the relative strength or weakness of a plaintiff's claims in deciding whether to recruit counsel).

Plaintiff's Complaint is therefore DISMISSED without prejudice. Plaintiff will have 21 days to file an amended complaint. Failure to do so within that time will result in dismissal with prejudice and termination of this case.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's [1] Complaint is DISMISSED without prejudice. Plaintiff has 21 days from the date of this Order to file an amended complaint that addresses the issues identified by the court. Failure to file an amended complaint within 21 days will result in the dismissal of this case with prejudice.

(2) Plaintiff's [7] Motion for Leave to Proceed in Forma Pauperis is DENIED with leave to refile should Plaintiff choose to file an amended complaint. Plaintiff must use this Court's long-form Application to Proceed in District Court Without Prepaying Fees or Costs (AO 239).

(3) Plaintiff's [8] Motion to Request Counsel is DENIED at this time. If Plaintiff renews her motion, she should set forth how far she has gone in school, and any prior litigation experience she has.

(4) The Clerk is DIRECTED to send Plaintiff a copy of this Order along with the AO 239 form.

ENTERED October 1, 2026.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge